FILED
IN OPEN COURT

JAN 1 0 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.

MARK DWAIN WRIGHT,

Defendant.

No. 2:23-cr-136

### STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One, Two, and Three of the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.      On January 23, 2023, a Virginia Beach Police Department ("VBPD") detective, in an undercover capacity, conducted an online investigation to identify individuals sharing child sex abuse material ("CSAM") via torrent-based peer-to-peer file sharing technology ("P2P"). During this investigation, the VBPD detective identified an IP address 72.64.34.146 ("the .146 IP").

2.      The .146 IP was associated with the BitTorrent network and was making a torrent file with an infohash that referenced 66 files available for download. At least one of the files within this infohash was of interest to CSAM investigations. The VBPD detective used a computer running investigative BitTorrent software to make a direct connection with the device using the .146 IP. The VBPD detective then completed a download of the 66 files that the device using the .146 IP was making available for download. The VBPD detective reviewed two of these files and confirmed that they depicted CSAM.  The VBPD detective completed multiple CSAM downloads from the .146 IP on January 23, 2023.

3.      The VBPD detective identified Verizon FIOS as the Internet Service Provider for the .146 IP. The VBPD detective served Verizon FIOS with an administrative subpoena requesting subscriber information for the individual who leased the .146 IP during the time the VBPD detective conducted the downloads referenced above. In response to the subpoena, Verizon FIOS identified Mark Wright (hereinafter, "the defendant") at a residence in Virginia Beach, later confirmed to be the defendant's residence.

4.      Virginia Beach is located within the Eastern District of Virginia.

5.      On May 31, 2023, law enforcement conducted a lawful state search warrant at the defendant's residence. During the execution of the search warrant, law enforcement seized multiple electronic devices. These devices include a computer tower and several hard drives, including a black WD Elements hard drive, located inside the residence. Seven (7) of these hard drives were plugged into the defendant's computer tower, which was powered on in the living room of the defendant's residence at the time the search warrant was executed.

6.      The defendant lived alone at his residence in Virginia Beach. All the electronic devices seized from the residence, including, but not limited to the black WD Elements hard drive and the computer tower, belonged to the defendant and the defendant had sole access to these devices.

7.      According to a VBPD forensic report, there were approximately 1337 photos and 8 videos depicting CSAM stored on the defendant's black WD Elements hard drive referenced in Count Three. The CSAM was located inside a folder titled "lollection." A description of one of the images contained on the hard drive is as follows:

> The WD Elements drive contained an .mp4 video file that lasts 1:26. The beginning of the video shows a prepubescent girl seated and facing the camera. The girl is wearing shorts and a tank-top style shirt. The girl has her shorts pulled to the side and is fondling her

genitals. Later in the video, a prepubescent girl is depicted performing oral sex on a male. The title of this video is "1(24).mp4."

8.     All the electronic media seized from defendant's residence was manufactured outside of the Commonwealth of Virginia.

9.     The forensic analysis also found numerous CSAM files on the computer tower seized from the defendant's residence.

10.     As charged in Count One, one of the image files located on the defendant's computer tower depicted a nude girl that appeared to be between the ages of 8 and 11. The girl was sitting, with her legs apart, facing the camera. The girl's genitals were displayed for the camera in a lewd and lascivious manner and was sexually explicit. The phrase "www.lolitaskingdom.com" was on the image. The extracted data listed this image's creation date[1] on the device as September 16, 2018. The extracted data also indicated that the image was stored in the computer's "downloads" folder, indicating the defendant downloaded the image from the Internet. The image's file name was lolitaskingdom-xx-021.jpg.

11.     Another one of the image files located on the defendant's computer tower, as charged in Count Two, depicted a nude girl that appeared to be between the ages of 10 and 12. The nude girl was lying on her back. The girl's legs were apart, and her genitals were exposed to the camera in a lewd and lascivious manner and was sexually explicit. The extracted data listed this image's creation date on this device as November 12, 2020. The extracted data also indicated that this file was accessed via an internet browser called "Opera." The image's file name was x_xx2529.

---

[1] A file's creation date refers to the date on which a file was downloaded or saved onto an electronic device.

12.    A short cut for the qBittorrent application was also identified on the defendant's computer desktop. qBittorrent is a private software version that operates on the BitTorrent Network under the BitTorrent protocols.

13.    During the execution of the search warrant, the defendant was read his *Miranda* warnings and agreed to speak to law enforcement. When asked if there was some "younger age porn stored somewhere on his computer," Wright admitted that there might be some "Lolicon," and that it would be located on a hard drive, connected to the computer, or on his computer in the "download" folder. When the detective asked whether the "younger pornography" is something Wright had been collecting over a period of time, the defendant agreed and estimated that it had been a couple years.

14.    As charged in Count One, the investigation and evidence show that on or about September 16, 2018, within the Eastern District of Virginia, the defendant, MARK DWAIN WRIGHT, did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, an example of which being a file identified by file name ending in xx-021.jpg.

15.    As charged in Count Two, the investigation and evidence further show that on or about November 12, 2020, within the Eastern District of Virginia, the defendant, MARK DWAIN WRIGHT, did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any

4

means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, an example of which being a file identified by file name ending in x_xx2529.

16.     As charged in Count Three, the investigation and evidence further show that on or about May 31, 2023, within the Eastern District of Virginia, the defendant, MARK DWAIN WRIGHT, did knowingly possess at least one matter, that is a black WD Elements hard drive, which was manufactured outside of the Commonwealth of Virginia, containing one or more visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of a minor, including a prepubescent minor and a minor who had not attained 12 years of age, engaging in sexually explicit conduct and the visual depictions were of such conduct.

17.     The Internet is an interconnected network of computers with which one communicates when on-line, is a network that crosses state and national borders, and is a facility of interstate and foreign commerce.

18.     The acts described above taken by defendant, MARK DWAIN WRIGHT, were done willfully, knowingly, intentionally, and unlawfully and not by accident, mistake, or other innocent reason.

19.     The defendant further acknowledges that the foregoing statement of facts covers the elements of the offenses charged but does not describe all the defendant's conduct relating to the offenses charged in this case.

5

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Kristen S. Taylor
Assistant United States Attorney

_____
Clayton LaForge
Assistant United States Attorney

6

After consulting with my attorney and pursuant to the guilty plea entered into this day, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
MARK DWAIN WRIGHT

I am MARK DWAIN WRIGHT's attorney.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Andrew Grindrod, Esq.
Counsel for Defendant